United States District Court
Southern District of Texas
**ENTERED**
March 16, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ROCIO GUTIERREZ ET AL., | § | |
| Plaintiffs/Petitioners, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-cv-201 |
| | § | |
| CITY OF PORT ISABEL ET AL., | § | |
| Defendants/Respondents. | § | |
| | § | |
| | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Petitioners'[1] "Motion to Remand and Brief in Support" (hereinafter, the Petitioners' "Motion"). Dkt. No. 7. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Petitioners' Motion, in part; (2) **DECLINE TO EXERCISE** supplemental jurisdiction over the state issues of this case pursuant to 28 U.S.C. § 1367; (3) **SEVER** and **REMAND** the state issues to the 404th Judicial District Court, in Cameron County, Texas; (4) after notice of the Court's intention and an opportunity to respond, **DISMISS** *sua sponte* Petitioners' Freedom of Information Act (FOIA) claim for failure to state a claim; and (5) **DIRECT** the Clerk of Court to **CLOSE** this case.

---

[1] As explained below, Petitioners have filed a Texas Public Information Act claim, a Freedom of Information Act claim, and a Rule 202 petition. Dkt. No. 1-1; *see infra* Part I. Thus, they are Plaintiffs in their Freedom of Information Act and Texas Public Information Act claims and Petitioners in their Rule 202 Petition. For clarity, they are referred to only as "Petitioners" in this Report & Recommendation.

## I.  Factual and Procedural Background[2]

Petitioners filed their "Rule 202 Petition to Investigate a Potential Suit and to Compel Production of FOIA Documents" (the "Petition") in the 404th Judicial District Court, in Cameron County, Texas on November 3, 2020.  Dkt. No. 1-1 at 9.  Petitioners allege that on or about September 26, 2019, Port Isabel Police Department officers arrested Axel Hiram Gutierrez for: (1) traffic violations; (2) suspicion of drunk driving; (3) resisting arrest; and (4) possession of a controlled substance.  Dkt. No. 1-1 at 12.  That evening, while in custody at the Port Isabel city jail, Axel Hiram Gutierrez committed suicide.  Dkt. No. 1-1 at 12-13.  Petitioners seek an "order for Dispatcher Victor Villarreal, Officer Daniel Holland, Sergeant Ramon Tello, Chief Robert Lopez the [sic] Custodians of Records for the Grapevine [sic] City of Port Isabel and for the Port Isabel Police Department to appear for depositions and to produce the requested documents" in connection with their ongoing investigation.  Dkt. No. 1-1 at 23.  They are investigating potential claims "which include, but are not limited to, possible violations of the Texas Minimum Jail Standards; deprivations of rights guaranteed by the due process and equal protection clauses of the Texas Constitution and U.S. Constitution, 42 U.S.C. § 1983; and/or Wrongful death" relating to Gutierrez's death.  Dkt. 1-1 at 10-19.  The Court construes the pleadings to include a Rule 202 petition and a request for an order to produce documents under the FOIA and the Texas Public Information Act.  Dkt. No. 1-1 at 9.

Respondents filed an answer to the Petition on December 2, 2020; they filed their notice of removal on December 3, 2020.  Dkt. No. 1-1 at 45; Dkt. No. 1.  Petitioners filed

---

[2] The information has been taken from the Petitioners' "Rule 202 Petition to Investigate a Potential Suit and to Compel Production of FOIA Documents."  Dkt. No. 1-1.

their Motion on December 18, 2020.  Dkt. No. 7.  Respondents filed a "Response to Petitioners' Motion to Remand and Brief in Support of Removal" on January 4, 2021.  Dkt. No. 10.  Petitioners filed a "Surreply to Respondents' Response to Petitioners' Motion to Remand" (Petitioners' "Reply"[3]) on January 6, 2021.  Dkt. No. 12.

The Court ordered the parties to appear for a status hearing on January 6, 2021 to address the Court's subject matter jurisdiction.  Dkt. No. 2; Dkt. No. 4; Dkt. No. 11; *See* Minute Entry dated January 6, 2021 (3:20-3:37pm).  At the hearing, Respondents argued the Court has subject matter jurisdiction based on the Petitioners' FOIA claim and that the investigation involves a potential § 1983 claim.  *See* Minute Entry dated January 6, 2021 (3:20-3:37pm).  Petitioners clarified, on the record, that the FOIA claim was made inadvertently.  They stated they did not intend to pursue it and planned to amend their pleadings to remove any FOIA claim.[4]  *Id.*

## II.  Legal Standards

### a)  Supplemental Jurisdiction

"Courts are instructed to examine their jurisdiction 'at every stage of the litigation.'"  *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  This is true even in the exercise of discretion over supplemental jurisdiction.  *See Enochs*, 641 F.3d 155 (reversing for abuse of discretion for failing to relinquish supplemental jurisdiction).  For instance, the "'general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.'"  *Enochs*, 641 F.3d at 161 (quoting *Parker & Parsley Petroleum*

---

[3] As it addresses Respondents' response, Petitioners' submission is technically a Reply.
[4] As of the date of this R&R, Petitioners have not filed an amended pleading.

*Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).  However, "the doctrine of pendent jurisdiction is a 'doctrine of flexibility,'" and even the rule concerning jurisdiction after the dismissal of all federal claims is not "absolute."  *Enochs*, 641 F.3d at 161 (citing *Carnegie–Mellon*, 484 U.S. at 350) and *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir.1999)).

In determining whether to exercise their discretionary jurisdiction over state claims, courts are directed to weigh four statutory factors, four common law factors, and the issue of forum manipulation; no single factor or issue is dispositive.  *Enochs*, 641 F.3d at 158-62.  The four statutory factors are those listed in 28 U.S.C. § 1367(c):

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The four common law factors are: "judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cty.*, 641 F.3d at 159 (citing *Carnegie-Mellon*, 484 U.S. at 350).

## b) Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) provides for dismissal of a cause of action if the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a).  *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H–17–2021, 2017 WL 4155477, at *1 (S.D. Tex., 2017).  Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To withstand a Rule 12(b)(6) challenge, then, a complaint must contain "enough facts to state a claim

to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570.  This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory[.]" *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*  In *Twombly*, the Supreme Court stressed that it did not impose a probability standard at the pleading stage; however, an allegation of a mere possibility of relief does not satisfy the requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557.  A court also need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

A court may dismiss a claim *sua sponte* for failure to state a claim "'so long as the procedure employed is fair.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998)).  Fair procedure has been explained to require "'both notice of the court's intention and an opportunity to respond.'" *Carroll*, 470 F.3d at 1177 (quoting *Bazrowx*, 136 F.3d at 1054).

**c) FED. R. CIV. P. 12(b)(1)**

"Federal courts are courts of limited jurisdiction[.]" *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim for lack of subject-matter jurisdiction when it lacks the constitutional or statutory power to adjudicate the claim. FED. R. CIV. P. 12(b)(1); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court may dismiss an action for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citation omitted).

### III. Discussion

Petitioners argue in their Motion that a Rule 202 Petition is not a civil action and therefore cannot be removed to federal court. Dkt. No. 7. Petitioners first note that as the removing party, Respondents bear the burden of showing that removal was proper and that ambiguities in the removal statute should be interpreted in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Petitioners point to the purpose of Rule 202 Petitions, which is to investigate a potential claim or suit. Dkt. No. 7 at 3. To support their position, Petitioners cite to several cases

from other Texas federal courts finding that a Rule 202 Petition is not removable.  Dkt. No. 7 at 3-6.[5]

In response, Respondents argue that a Rule 202 Petition is a civil action and that it is the equivalent to Federal Rule of Civil Procedure 27 ("FRCP 27").  Dkt. No. 10 at 1-2. Respondents point out that Rule 202 Petitions cannot be brought to investigate claims over which federal courts have exclusive jurisdiction, such as patent suits.  Dkt. No. 10 at 3.  In this case, they argue, Petitioners pleaded a federal claim seeking relief pursuant to the FOIA.  Dkt. No. 10 at 4-5.

In their Reply, Petitioners argue that FRCP 27 is not the federal equivalent of Rule 202.  Dkt. No. 12.  Petitioners further argue that they did not plead a FOIA claim in their Petition, but instead pleaded a claim pursuant to the Texas Public Information Act.  *Id.*

### a)  Original Jurisdiction Over Rule 202 Petition

Respondents argue that FRCP 27 provides a federal equivalent to a Rule 202 petition.  Although they share similar requirements, the rules do not serve equal purposes. For instance, under FRCP 27, a petitioner must show that: (1) a suit is anticipated; (2) the suit is cognizable; (3) the petitioner is unable to currently bring the action in any court, state or federal, anywhere in the United States; and (4) the testimony will probably be lost otherwise.  FED. R. CIV. P. 27. *See In re Reed*, No. 4:16-MC-1964, 2016 WL 5660421, at *2 (S.D. Tex. Sept. 29, 2016); *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981).  In contrast, Rule 202 clearly provides that a suit need not be anticipated so long as there is a "potential claim or suit."  Tex. R. Civ. P. 202.1(b); *see* Tex. R. Civ. P. 202.2 ("anticipated

---

[5] Petitioners cite as analogous the cases of *Mayfield-George v. Texas Rehabilitation Commission*, 197 F.R.D. 280 (N.D. Tex. 2000) and *Davidson v. State Farm Bureau Cas. Ins. Co.*, 2006 WL 1716075 (S.D. Tex. 2005).

action, if any").  A Rule 202 petition, then, is a much broader investigatory mechanism than its counterpart under FRCP 27.

Respondents further argue that the Rule 202 petition was properly removed, which allows for discovery pertaining to a potential § 1983 claim to be controlled by a federal court.  Critically, however, Petitioners have not filed a § 1983 claim.  Whether or not a Rule 202 Petition is a civil action, it does not "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *See Mayfield-George v. Texas Rehab. Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000).  The State of Texas has created a petition which allows parties to request certain discovery to investigate potential claims without engaging in costly litigation.  The Court declines Respondents' invitation to either oversee a state-created procedural mechanism or find that original jurisdiction exists because discovery might lead to the filing of a potential federal claim.

### b)  Supplemental Jurisdiction

Respondents contend that the Court's jurisdiction over Petitioners' FOIA claim weighs in favor of removal.  Respondents maintain the Court would then have discretion to exercise supplemental jurisdiction over the state issues.  28 U.S.C. § 1367.  However, to the extent the Petitioners have pleaded a claim under the FOIA, they have failed to state a claim. *See infra* Section III(c).  The Court, then, should decline to exercise supplemental jurisdiction over the state issues.

### c)  FOIA Claim

Petitioners have filed their claims, including their purported FOIA claim, against the following respondents: (1) City of Port Isabel; (2) Port Isabel Police Department ("PIPD"); and (3) various members of the PIPD (Chief Robert Lopez, Sergeant Ramon Tello, along with Officers Victor Villarreal and Daniel Holland).  Dkt. No. 1-1 at 10-11.

However, a claim under the FOIA is applicable only as to *federal* agencies.  (emphasis added) *Mouton v. Neustrom*, 644 F. App'x 287 (5th Cir. 2016); 5 U.S.C. § 551(1). Critically, there are no federal agency respondents present; Petitioners claim purported FOIA claim, then, fails to state a claim and is subject to dismissal.  Fed. R. Civ. Pro. 12(b)(6).  After notice of the Court's intention and affording Petitioners an opportunity to respond, the Court should dismiss *sua sponte* Petitioners' FOIA claim for failure to state a claim.  *See Carroll*, 470 F.3d at 1177.

## IV.  Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** Petitioners' Motion, in part; (2) **DECLINE TO EXERCISE** supplemental jurisdiction over the state issues of this case pursuant to 28 U.S.C. § 1367; (3) **SEVER** and **REMAND** the state issues to the 404th Judicial District Court, in Cameron County, Texas; (4) after notice of the Court's intention and an opportunity to respond, **DISMISS** *sua sponte* Petitioners' Freedom of Information Act (FOIA) claim for failure to state a claim; and (5) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **16th** day of March, 2021 at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**